## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERITAGE FOUNDATION., <br> 214 Massachusetts Ave. N.E. <br> Washington, D.C.  20002 <br><br> MIKE HOWELL <br> 214 Massachusetts Ave. N.E. <br> Washington, D.C.  20002 <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Ave., N.W. <br> Washington, D.C.  20408 <br><br> *Defendant*. | Case No. 23-cv-342 |

## COMPLAINT AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs THE HERITAGE FOUNDATION and MIKE HOWELL (collectively "Plaintiffs") for their complaint against Defendant DEPARTMENT OF JUSTICE ("DOJ" or "Department") allege on knowledge as to Plaintiffs, and on information and belief as to all other matters, as follows:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of information from DOJ component the Federal Bureau of Investigation ("FBI") relating to how certain FBI offices responded to the Black Lives Matter ("BLM") protests in the Summer of 2020.

## PARTIES

2.      Plaintiff, The Heritage Foundation is a Washington, D.C.-based nonpartisan

public policy organization with a national and international reputation whose mission is to

"formulate and promote public policies based on the principles of free enterprise, limited

government, individual freedom, traditional American values, and a strong national defense."

Heritage Foundation, *About Heritage*, *found at* https://www.heritage.org/about-heritage/mission

(last visited Feb. 5, 2023).  Heritage is a not-for-profit section 501(c)(3) organization which

engages in substantial dissemination of information to the public.  Heritage operates a national

news outlet, *The Daily Signal*.

3.      Plaintiff Mike Howell leads the Heritage Foundation's Oversight Project and is an

author for *The Daily Signal*.  The Oversight Project is an initiative aimed at obtaining

information via Freedom of Information Act requests and other means in order to best inform the

public and Congress for the purposes of Congressional oversight.  The requests and analysis of

information is informed by Heritage's deep policy expertise.

4.      Defendant DOJ is a federal agency of the United States within the meaning of

5 U.S.C. § 552(f)(1) whose mission is to "uphold the rule of law, to keep our country safe, and to

protect civil rights."  About DOJ; Our Mission, *found at*

https://www.justice.gov/about#:~:text=Mission,and%20to%20protect%20civil%20rights. (last

visited Feb. 5, 2022).

## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this

action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of

disputes under FOIA presents a federal question.

6.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant DOJ's principal place of business is in the District of Columbia.

## PLAINTIFFS' FOIA REQUEST

7.     Plaintiffs submitted their FOIA Request on September 12, 2022.  FOIA Request No. 1561629 (Sept. 23, 2022) ("Request" or "Plaintiffs' FOIA Request") (Ex. 1).

8.     The Request explained that it sought to learn more about a particular occurrence during the BLM protests in the Summer of 2020 in Washington, D.C.:

> During a June 2020 Black Lives Matter (BLM) protest, a group of smiling Federal Bureau of Investigation (FBI) special agents wearing FBI insignia demonstrated political solidarity with the BLM protestors by kneeling, clapping, and making other gestures affirming sympathy with the BLM cause.  These agents were under no coercion or compulsion as evidenced by countless Twitter photos that memorialize this event but more so by a TikTok video that documented the entirety of the event.  The user of TikTok account @sonnywithnochances noted when uploading the video that "THE FBI KNEELED WITH US IN DC!!!!"  In the week that followed, the TikTok video of the FBI special agents kneeling went viral.  Curiously, this video is no longer available on the Internet.  At some point, the video (https://www.tiktok.com/@sonnywithnochances/video/6834598911697620229) and the TikTok account used to originally upload it (@sonnywithnochances) were removed from TikTok.

*Id.* at 1.

9.     The Request sought records from a limited set of custodians—The FBI Director's Office and the Washington Field Office—for a limited period of time—June 1, 2020, to September 1, 2020.  *Id.* at 1–2.  Within that narrow set of records, the Request sought any record containing one of the following terms:

1. @sonnywithnochances
2. https://www.tiktok.com/@sonnywithnochances/video/6834598911697620229
3. "kneel" AND "hatch"
4. "patrol" AND "knee" AND "crowd"
5. "patrol" AND "kneel" AND "crowd"
6. "BLM" AND "Hatch Act"
7. "Tik Tok" AND "kneel"

8. "TikTok" AND "kneel"
9. "Take a knee"
10. "Taking a knee"
11. "Kneel Team Six"
12. "FBI" AND "Expectations VS Reality"

*Id.* at 1.  The Request sought a fee waiver because of the public interest in the interactions

between federal agencies and the BLM movement.  *Id.* at 3–4.

## DOJ'S INITIAL DENIAL

10.     On September 30, 2022, the FBI denied the Request.  Letter from Michael G.

Seidel to Mike Howell (Sept. 30, 2022) ("Initial Denial") (Ex. 2).  The Initial Denial appears to

be a "form" document.  It first denied the Request in full because:

> Based on the information you provided, we conducted a main and reference entity record
> search of the Central Records System (CRS) per our standard search policy.  However,
> we were unable to identify records subject to the FOIP that are responsive to your
> request.  Therefore, your request is being closed.

*Id.* at 1.

11.     Despite the foregoing language being written as a full denial, the Initial Denial

also appears to have denied at least part of the Request on the separate ground that:

> You have requested records on one or more third party individuals.  Please be advised the
> FBI will neither confirm nor deny the existence of such records pursuant to FOIA
> exemptions (b)(6) and (b)(7)(C), 5 U.S.C. §§ 552 (b)(6) and (b)(7)(C).  The mere
> acknowledgement of the existence of FBI records on third party individuals could
> reasonably be expected to constitute an unwarranted invasion of personal privacy.  This is
> our standard response to such requests and should not be taken to mean that records do,
> or do not, exist.

*Id.*  The Initial Denial did not pass on the Plaintiffs' application for a fee waiver.

## PLAINTIFFS' ADMINISTRATIVE APPEAL

12.     Plaintiffs administratively appealed the Initial Denial on November 18, 2022.

Administrative Appeal FOIA No. 1561629 (Nov. 18, 2022) ("Administrative Appeal") (Ex. 3).

13.     The Administrative Appeal began by explaining that the FBI's search was

inadequate:

> Legally "adequate" FBI FOIA queries must include searches of FBI employees' email
> and all other communications on FBI systems reasonably likely to contain responsive
> records.  Media reports have demonstrated that the subject matter of FOIA Request
> 1561629-000 was of controversy within the FBI and that some FBI personnel believed
> the agents who knelt in solidarity with the Black Lives Matter movement did so in
> violation of the Hatch Act.  Due to these facts, the FOIA Request 1561629-000's
> requested search terms, to include "'kneel' AND 'hatch'", would invariably have been
> used in FBI communications.  As such, had an adequate query been run, records would
> have been identified.

*Id.* at 1.

14.     The Administrative Appeal then turned to the Initial Denial's discussion of "third

party individuals."  *Id.* at 2.  It explained that the only non-governmental party possibly

implicated by the Request was the anonymous TikTok account "@sonnywithnochances."  *Id.*  As

a threshold matter, the Administrative Appeal noted that there is no third-party privacy interest in

an anonymous TikTok account.  *Id.*  It continued by noting that even if there was some

underlying privacy interest, that interest was outweighed by the interests favoring disclosure.  *Id.*

15.     The Department has not responded to the Administrative Appeal.

16.     Twenty business days from November 18, 2022 is December 19, 2022.

### FIRST CLAIM FOR RELIEF
### Violation FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records.

17.     Plaintiffs re-allege paragraphs 1–16 as if fully set out herein.

18.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in

government operations is a priority of th[e Biden] . . . Administration."  Attorney General,

*Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act

Guidelines*, at 4 (Mar. 15, 2022).

19.     Plaintiffs properly requested records within the possession, custody, and control of Defendant.

20.     Defendant is subject to FOIA and therefore must make reasonable efforts to search for requested records.

21.     Defendant has failed to promptly review agency records for the purpose of locating and collecting those records that are responsive to Plaintiffs' FOIA Request.

22.     Defendant's failure to conduct searches for responsive records violates FOIA and DOJ regulations.

23.     Plaintiffs have a statutory right to the information they seek.

24.     Defendant is in violation of FOIA.

25.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

26.     Plaintiffs have no adequate remedy at law.

27.     Plaintiffs have constructively exhausted their administrative remedies.

### SECOND CLAIM FOR RELIEF
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

28.     Plaintiffs re-allege paragraphs 1–27 as if fully set out herein.

29.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General,

*Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

30.    Plaintiffs properly requested records within the possession, custody, or control of Defendant.

31.    Defendant is subject to FOIA, and therefore must release to a FOIA requester any non-exempt records and provide a lawful reason for withholding any records.

32.    Defendant is wrongfully withholding non-exempt records requested by Heritage by failing to produce any records responsive to Plaintiffs' FOIA Request.

33.    Defendant is wrongfully withholding non-exempt-agency records requested by Plaintiffs by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiffs' FOIA Request.

34.    Defendant's failure to provide all non-exempt responsive records violates FOIA and DOJ regulations.

35.    Plaintiffs have a statutory right to the information they seek.

36.    Defendant is in violation of FOIA.

37.    Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied information to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

38.    Plaintiffs have no adequate remedy at law.

39.    Plaintiffs have constructively exhausted their administrative remedies.

### THIRD CLAIM FOR RELIEF
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Fee Waiver**

40.    Plaintiffs re-allege paragraphs 1–39 as if fully set out herein.

41.    FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  *Attorney General, Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

42.    Plaintiffs properly requested records within the possession, custody, or control of Defendant.

43.    Defendant has constructively denied Plaintiffs' application for a fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(ii) & (iii) and 28 C.F.R. §16.10(k).

44.    The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

45.    Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw materials into a distinct work, and distribute[] that work to an audience" via Heritage's major news outlet, *The Daily Signal*.  5 U.S.C. § 552(a)(4)(a)(ii).

46.    Disclosure of the information sought by the Request also "is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

47.    Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

48.     Plaintiffs have a statutory right to a fee waiver.

49.     Defendant is in violation of FOIA by denying a fee waiver.

50.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of FOIA.  Plaintiffs are being denied a fee waiver to which they are statutorily entitled and that is important to carrying out Plaintiffs' functions as a non-partisan research and educational institution and publisher of news.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

51.     Plaintiffs have no adequate remedy at law.

52.     Plaintiffs have constructively exhausted their administrative remedies.

**FOURTH CLAIM FOR RELIEF**
**Violation of FOIA, 5 U.S.C. § 552**
**Statutory Bar Against Charging Fees**

53.     Plaintiffs re-allege paragraphs 1–52 as if fully set out herein.

54.     FOIA requires all doubts to be resolved in favor of disclosure.  "Transparency in government operations is a priority of th[e Biden] . . . Administration."  Attorney General, *Memorandum for Heads of Executive Departments and Agencies:  Freedom of Information Act Guidelines*, at 4 (Mar. 15, 2022).

55.     Plaintiffs properly requested records within the possession, custody, or control of Defendant.

56.     The Request does not have a commercial purpose because Heritage is a 501(c)(3) nonprofit, Howell acts in his capacity as a Heritage employee, and release of the information sought does not further Plaintiffs' commercial interest.

57.     Plaintiffs are members of the news media as they "gather[] information of potential interest to a segment of the public, use[] . . . [their] editorial skills to turn the raw

materials into a distinct work, and distribute[] that work to an audience" via Heritage's major

news outlet, *The Daily Signal*.  5 U.S.C. § 552(a)(4)(a)(ii).

58.     Disclosure of the information sought by the Request also "is in the public interest

because it is likely to contribute significantly to public understanding of the operations or

activities of the government."  5 U.S.C. § 552(a)(4)(A)(iii).

59.     Defendant has "failed to comply with a[]time limit under paragraph (6)" as to the

Request.  5 U.S.C. § 552(a)(4)(A)(viii)(I).

60.     Defendant has not determined "more than 5,000 pages are necessary to respond to

this request," or discussed with Plaintiffs how Plaintiffs "could effectively limit the scope of the

request."  5 U.S.C. § 552(a)(4)(A)(viii)(II)(cc).

61.     Defendant is currently statutorily barred from charging fees related to Plaintiffs'

FOIA Request.  Therefore, Plaintiffs have a statutory right to have their request processed

without being charged any fees.

62.     Plaintiffs are being irreparably harmed by reason of Defendant's violation of

FOIA.  Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to

comply with the law.

63.     Plaintiffs have no adequate remedy at law.

64.     Plaintiffs have constructively exhausted their administrative remedies.

**WHEREFORE** as a result of the foregoing, Plaintiffs pray that this Court:

A.   Order Defendant to conduct a search or searches reasonably calculated to uncover all records responsive to Plaintiffs' FOIA Request;

B.   Order Defendant to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiffs' FOIA Request and indexes justifying the withholding of any responsive records withheld in whole or in part under claim of exemption;

C.   Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA Request;

D.   Enjoin Defendant from assessing fees or costs for Plaintiffs' FOIA Request;

E.   Retain jurisdiction over this matter as appropriate;

F.   Award Plaintiffs their costs and reasonable attorneys' fees in this action as provided by 5 U.S.C. § 522(a)(4)(E); and

G.   Grant such other and further relief as this Court may deem just and proper.

Dated: February 7, 2023                    Respectfully submitted,

/s/ Samuel Everett Dewey
SAMUEL EVERETT DEWEY
(No. 999979)
Chambers of Samuel Everett Dewey, LLC
Telephone:  (703) 261-4194
Email:  samueledewey@sedchambers.com

ROMAN JANKOWSKI
(No. 975348)
The Heritage Foundation
Telephone:  (202) 489-2969
Email:  Roman.Jankowski@heritage.org

*Counsel for Plaintiffs*